IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINIOS --- EASTERN DIVISION

| | | |
|---|---|---|
| DAWN PASHNICK, | ) | **FILED: JANUARY 29, 2009** |
| Plaintiff, | ) | **09CV565** |
| | | **JUDGE LEFKOW** |
| vs. | ) Civil Action #: | **MAGISTRATE JUDGE NOLAN** |
| UNITED PARCEL SERVICE, | ) Judge: | **AEE** |
| Defendant. | ) Magistrate Judge | |

## **CCOMPLAINT**

NOW COMES plaintiff, DAWN PASHNICK ("DP" hereafter), by and through her Attorneys, DONALD S. NATHAN, P.C. and for her Complaint against the Defendant, UNITED PARCEL SERVICS ("UPS" hereafter), states as follows.

### Nature of the Action

1. The plaintiff, DP, is disabled because she suffers from a condition known as bilateral hip necrosis, a condition that was first diagnosed on or about October 25, 2006 by an orthopedic surgeon, Dr. Steven R. Wardell of Parkview Musculoskeletal Institute. Dr. Wardell imposed a thirty (30) pound weight restriction upon the plaintiff at that time with an instruction to do no bending. Since that time, plaintiff's condition has not appreciably changed and when she last consulted with Dr. Wardell on December 3, 2008, the diagnosis was the same with the following instruction:

> "Ms. Pashnick can work with the following restrictions: No lifting greater than 30 pounds, no prolonged standing or walking. She is to return to my clinic in one (1) year for a follow up visit."

2. The defendant, UPS, has steadfastly refused to accommodate the doctor's instructions, advising plaintiff that "…based upon the medical information that we have received, we are unable to conclude that you are eligible for a reasonable accommodation pursuant to the Americans with Disabilities Act." in correspondence dated February 6, 2007.

3. Plaintiff's "Essential Job Function" as a Loader/Unloader, the position she held while

working for defendant from the time of her hire on about January 2, 1997 until she was sent home on December 18, 2006 being told there was no reasonable accommodation for her condition is described in a document by that name.  It describes her tasks as including Bending, stooping, crouching, crawling, climbing, standing, walking and turn/pivoting three to five hours per day, five days per week for part time employees like the plaintiff.  It requires continuous lifting and lowering of packages that range up to seventy (70) pounds each, unloading 700 to 1300 packages per hour and loading 300 to 800 packages an hour.

      4.   Constructively, defendant discharged plaintiff from her position by not allowing her to return to work with an accommodation for her medical condition effectively discharging her on December 18, 2006.  By so doing, defendant discharged plaintiff because of her disability and violated the Americans with Disabilities Act, 42 U.S.C. Section 12111, *et seq.*

### Jurisdiction and Venue

      5.   On March 2, 2007, DP filed Charge # 440-2007-03373 with the Equal Employment Opportunity Commission against the defendant, UPS, alleging discrimination of the basis of disability

      6.   Following an investigation, the EEOC issued a "Dismissal and Notice of Rights" making the determination that "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes."  The said determination issued on October 30, 2008.

      7.   The foregoing determination constituted a "right to sue in federal court within ninety (90) days of the receipt of the notice that was sent on the said date: October 30, 2008 and received on some date after November 12, 2008.

      8.   This court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1331 because the case involves a federal question brought under the Americans with Disabilities Act.

      9.   Venue is appropriate in this district court under 28 U.S.C. Section 1391(b) and (c)

because the Defendant's Hodgkins, Illinois facility is where plaintiff worked and it is located in this judicial district, and the cause of action arose here.

### Plaintiff's Medical Condition

10. At all times relevant hereto, plaintiff, DP, has suffered from bilateral avascular necrosis of the hips, a condition that had developed as a side effect of treatment with steroids for her condition of ulcerative colitis. The condition was first diagnosed on about October 25, 2006.

11. Defendant, UPS, was aware that DP suffered from her condition during her employment at its Hodgkins facility and that she had a record of disability.

12. Upon having made a request for an accommodation as set forth above, defendant, UPS, requested plaintiff, DP, to provide medical information which she did to the letter.

13. After conducting an investigation the nature of which plaintiff knows nothing, defendant issued correspondence dated February 6, 2007 as set forth above.

14. Plaintiff's medical condition has not changed since being told no reasonable accommodation would be made for her on December 18, 2006 and has been deprived of income since that date thereby.

15. Defendant is an employer within the meaning of Title I of the Americans with Disabilities Act, 42 U.S.C. Section 12111(5)(A).

16. Plaintiff is a qualified individual with a disability within the meaning of Title I of the Americans with Disabilities Act. 42 U.S.C. Section 12111(8).

17. The defendant violated the Americans with Disabilities Act by failing to make reasonable accommodation for the plaintiff so as to be able to work within the restrictions placed upon her by her orthopedic surgeon.

18. By having failed to make a reasonable attempt to make an accommodation, the defendant discriminated against plaintiff because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. Section 12112(a).

19. As a result of the violation of the Americans with Disabilities Act, plaintiff has

'

20.  Defendant's violation of the Americans with Disabilities Act was in willful disregard of the plaintiff's federally protected rights. Accordingly, punitive damages are fully warranted.

WHEREFORE: Plaintiff, DAWN PASHNICK, prays this Court enter judgment in her favor and against the Defendant, UNITED PARCEL SERVICE, and to grant her the following relief:

a.  Declare that the acts and practices complained of herein are and were in violation of Title VII, 42 U.S.C. Section 12101, *et seq*;

b.  Restrain and permanently enjoin these violation s of the Americans With Disabilities Act;

c.  Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

d.  Award Plaintiff lost wages from December 18, 2006 to the date judgment is entered;

e.  Reinstate the Plaintiff's employment or, if reinstatemenjt is not feasible, to award the Plaintiff front pay;

f.  Award Plaintiff compensatory damages and damages for her mentgal; anguish and humiliation;

g.  Award Plaintiff punitive damages for the outrageous conduct of defendant;

h.  Award Plaintiff her costs of suit including reasonable Attorney's fees;

i.  Grant Plaintiff such other and further relief as may be fair and proper in the judgment of the Court.

_____

DONALD S. NATHAN

FIVE ELM CREEK DRIVE, #214

ELMHURST, IL 60126

630-758-1500

donald.nathan@sbcglobal.net

Case: 1:09-cv-00565 Document #: 1 Filed: 01/29/09 Page 5 of 5 PageID #:5