# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAWN PASHNICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09 C 565 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| UNITED PARCEL SERVICE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Dawn Pashnick filed suit against United Parcel Service ("UPS") for failure to accommodate and constructive discharge in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (2006).[1] The court has jurisdiction pursuant to 28 U.S.C. § 1331. UPS has moved for summary judgment. For the following reasons, UPS's motion [#36] is granted.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that there is no genuine

---

[1] The ADA was significantly amended, effective January 1, 2009. *See* ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008). As Congress did not express its intent that these amendments be retroactive, the law in place prior to these amendments applies to this case. *See Fredricksen* v. *United Parcel Serv., Co.*, 581 F.3d 516, 521 n.1 (7th Cir. 2009).

issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the nonmoving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact is one that might affect the outcome of the suit. *Insolia*, 216 F.3d at 598–99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## BACKGROUND[2]

Based on Local Rule 56.1, the following facts are deemed admitted. Pashnick began work at UPS's Chicago Area Consolidated Hub ("CACH") in Hodgkins, Illinois as a part-time Loader/Unloader. In this position, she joined the International Brotherhood of Teamsters Local 705 ("Local 705"), which has a collective bargaining agreement ("CBA") with UPS that governs the terms and conditions of Pashnick's employment. Article 44(1) provides that seniority prevails "for all purposes and in all instances." Def.'s Statement of Facts ¶ 9, hereinafter "DSF ¶ __."

---

[2] Local Rule 56.1 requires the nonmoving party to file a response to the movant's statement of facts and a supporting memorandum of law. *See* L.R. 56.1(b). Pashnick has done neither. Because she did not comply with Local Rule 56.1, all material facts set forth in UPS's Local Rule 56.1 statement are deemed admitted to the extent supported by the record. *See* L.R. 56.1(b)(3)(C). Pashnick's failure to respond, however, does not automatically result in judgment for UPS; the court must still determine whether UPS is entitled to judgment as a matter of law. *Raymond* v. *Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

Pashnick began work as a voicer, switching to Data Acquisition work several years later. In this position, she was required to lift packages weighing up to seventy pounds and to bend. These requirements were part of a Loader/Unloader's essential job functions. On December 11, 2006, UPS transferred Pashnick and other part-time employees to the Small Sort area due to an agreement between UPS and Local 705. Some part-time employees remained in the Data Acquisition area, but they had more seniority than Pashnick. In the Small Sort area, Pashnick was required to lift bags that could weigh between fifty and seventy pounds and carry them across an aisle to a conveyor belt. On December 15, 2006, while being trained in her new position, Pashnick told the training supervisor, Mark DeLao, that she was having trouble, including walking back and forth when moving bags. Pashnick then met with Jim Bloede, a human resources representative, who instructed her to review the job functions of Loader/Unloaders and submit a doctor's note if she had restrictions that would prevent her from performing these functions. On December 18, 2006, Pashnick submitted a doctor's note from Dr. Steven Wardwell, an orthopedic surgeon, which provided that due to bilateral avascular necrosis of the hip, Pashnick cannot lift over thirty pounds or do any bending. Pashnick then met with Jennifer Molyneaux, an occupational health manager, and a union steward. Molyneaux asked Pashnick to fill out ADA accommodation request paperwork, including a Request for Medical Information from her doctor. Dr. Wardwell completed the form, listing the same restrictions as in his previous note, although he clarified that Pashnick could not bend only at the hips. He also stated that a hip replacement would allow Pashnick to perform the essential functions of her job. With her request, Pashnick sought a return to the Data Acquisition area. UPS's North Central Region ADA Committee reviewed Pashnick's accommodation request and

determined that she was not eligible for a reasonable accommodation under the ADA. While Pashnick never returned to work after December 18, 2006, her employment has never been terminated, and she remains a UPS employee on inactive status.

Pashnick claims that her hip problem affects her ability to walk, run, bend, work, dress, and shower. She experiences pain if she walks very far, but, in December 2006, she was able to walk from her car to her work area at CACH. She does not need to use any assistive device to walk. She has tried to run since December 2006, but she claims it is not easy. Pashnick can bend down and pick something off the floor and avoids the pain of bending at her waist by bending at the knees. She currently works an eight-hour shift as a grocery store cashier and claims she would be able to work in the Data Acquisition area at CACH. Pashnick had no difficulty caring for herself in December 2006 and was able to shower and dress herself without assistance. She also does her own grocery shopping, drives, prepares meals without assistance, uses a computer, brushes her teeth without assistance, and participates in recreational activities.

## ANALYSIS

### I. Failure to Accommodate

To establish a prima facie case for failure to accommodate under the ADA, Pashnick must demonstrate that (1) she is "a qualified individual with a disability," (2) UPS knew of her disability, and (3) UPS failed to reasonably accommodate her. 42 U.S.C. § 12112(a)–(b); *Sieberns* v. *Wal-Mart Stores, Inc.*, 125 F.3d 1019, 1022 (7th Cir. 1997). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "A plaintiff seeking to avoid summary

4

judgment must demonstrate that there is at least a genuine issue of material fact as to whether he is disabled, [and] whether he can perform the essential functions of the position." *Kupstas* v. *City of Greenwood*, 398 F.3d 609, 611 (7th Cir. 2005).

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Having an impairment is not enough; a plaintiff must also show that the impairment substantially limits a major life activity. *Toyota Motor Mfg., Ky., Inc.* v. *Williams*, 534 U.S. 184, 195, 122 S. Ct. 681, 151 L. Ed. 2d 615 (2002). The EEOC has interpreted "substantially limits" to mean

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1) (2008).[3] A major life activity is one "of central importance to daily life," such as walking, seeing, and hearing. *Toyota*, 534 U.S. at 197; *see also* 29 C.F.R. § 1630.2(i) (2008) (providing a non-exhaustive list of major life activities, including caring for oneself, seeing, hearing, speaking, breathing, learning, and working). Pashnick claims that she is limited in the major life activities of walking, running, bending, working, and caring for herself.

### A.   Walking

---

[3] The EEOC regulations are "not binding on this court, [but] such administrative interpretations 'do constitute a body of experience and informed judgment to which courts and litigants may properly resort to guidance.'" *O'Neal* v. *City of New Albany*, 293 F.3d 998, 1009 (7th Cir. 2002) (quoting *Meritor Sav. Bank, FSB* v. *Vinson*, 477 U.S. 57, 65, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)).

"To be disabled with regard to the major life activity of walking, the employee must be 'substantially limited' in her ability to walk, and the limitation must be permanent or long term, and considerable compared to the walking most people do in their daily lives." *E.E.O.C.* v. *Sears, Roebuck & Co.*, 417 F.3d 789, 802 (7th Cir. 2005). Pashnick testified at her deposition that, while she was able to walk from her car to her work area at CACH, a "good walk" at an "enormous facility," DSF ¶ 45, she experiences pain when walking very far distances. She was not able to provide any specifics as to what "very far" means. Experiencing some pain when walking very far distances does not rise to the level required for a finding of disability. *See Fredricksen* v. *United Parcel Serv., Co.*, 581 F.3d 516, 521–22 (7th Cir. 2009) (plaintiff not disabled with regard to walking where he occasionally became winded when walking up stairs); *Squibb* v. *Mem'l Med. Ctr.*, 497 F.3d 775, 784–85 (7th Cir. 2007) (plaintiff not disabled with respect to walking where she testified only that she walked with difficulty without any evidence or medical corroboration regarding time or distance limitations); *cf. Sears*, 417 F.3d at 802 (a reasonable jury could find that plaintiff was disabled where plaintiff's evidence showed that she could not walk more than a block).

**B.     Running**

Pashnick testified that she does not have an easy time running. Running, however, does not qualify as a major life activity as it is not of central importance to daily life. *See Marine* v. *H.J. Mohr & Sons, Co.*, No. 04 C 2989, 2005 WL 2293673, at *6 (N.D. Ill. Sept. 15, 2005) (being unable to run more than a half mile does not qualify as a limitation on a major life activity); *Rutherford* v. *Wackenhut Corp.*, No. 04-C-1216, 2006 WL 1085124, at *4 (E.D. Wis. Apr. 25, 2006) (running is not a major life activity).

### C. Bending

Bending is a major life activity under the ADA. *See Gilbert* v. *Nicholson*, No. 05 C 3139, 2007 WL 257635, at *6 (N.D. Ill. Jan. 23, 2007). While Pashnick's doctor specified that she should not bend at her hips, she admits to being able to bend at her knees and pick things up off the floor. This admission establishes that she is not substantially limited in this major life activity.

### D. Working

A plaintiff claiming to be substantially limited in the major life activity of working must demonstrate that she is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Kupstas*, 398 F.3d at 612 (quoting 29 C.F.R. § 1630.2(j)(3)(i)). "The impairments must substantially limit employment generally, not merely preclude an employee from performing either a particular specialized job or a narrow range of jobs." *Id.* at 613 (citations omitted) (internal quotation marks omitted). An employer's belief that the employee could not perform a particular job is not enough to demonstrate that the employee was substantially limited in working. *Id.* While Pashnick's restrictions might limit her ability to perform the Loader/Unloader position at UPS, she is not limited from employment generally, as evidenced by the fact that she currently works an eight-hour shift as a grocery store cashier.

7

### E. Caring for Herself

Pashnick claims that she is limited in her ability to care for herself, particularly bathing and dressing. She admits, however, that she is able to dress herself without assistance, although she needs to sit down to put on socks, shoes, and pants. Pashnick can also shower without assistance, although she now holds on to something while standing on one leg or bending in the shower. These limitations on her ability to dress herself and shower are not unusual; the average person without Pashnick's impairment may take the same steps when dressing or showering. Further, as Pashnick is able to perform many other tasks involved in caring for oneself, including grocery shopping, driving, preparing meals without assistance, and brushing her teeth, the limitations she does claim to have do not rise to the level of substantially limiting her ability to care for herself. *See Squibb*, 497 F.3d at 784.

Because Pashnick cannot demonstrate that she is substantially limited in a major life activity, she is not disabled under the ADA and thus not protected by its provisions. Summary judgment will thus be granted to UPS on Pashnick's failure to accommodate claim.

## II. Constructive Discharge

In order to prevail on a constructive discharge claim, a plaintiff must establish that she was forced to resign because her working conditions, from a reasonable employee's viewpoint, have become unbearable. *Patterson* v. *Ind. Newspapers, Inc.*, 589 F.3d 357, 366 (7th Cir. 2009). Pashnick never resigned from her position at UPS and in fact remains an inactive employee. This is fatal to her claim. *See Chapin* v. *Fort-Rohr Motors, Inc.*, --- F.3d ----, 2010 WL 3447734, at *6 (7th Cir. Sept. 3, 2010) (determining whether plaintiff was constructively discharged where he never formally resigned from his position and instead just did not return to

work would require improper speculation by the court). Thus, UPS's motion for summary judgment on Pashnick's constructive discharge claim will be granted.

## CONCLUSION AND ORDER

For the foregoing reasons, UPS's motion for summary judgment [#36] is granted. The clerk is instructed to enter judgment for UPS. This case is terminated.

Dated: November 8, 2010      Enter: _____

                                          JOAN HUMPHREY LEFKOW
                                          United States District Judge